## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIM. NO. 21-cr-00658 (DLF)** |
| | : | |
| **RENOLD PAYNE,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. §§§ 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments, and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### I.  Procedural History

The defendant is charged by indictment with one count of Unlawful Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1), and one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 22, D.C. Code, § 4503(a)(1), (b)(1). At the initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report.

The government notes that the defendant has previously been charged by Complaint in

relation to this incident in D.C. Superior Court, case number 2021 CF2 006187, with one count of Unlawful Possession of a Firearm (Prior Conviction) in violation of 22 D.C. Code § 4503(a)(1). The defendant was presented on October 29, 2021, probable cause was found, and the defendant was detained pursuant to 22 D.C. Code § 1322(b).

## II.   Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).   Specifically, the presentation of hearsay evidence is permitted.  Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use."   United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992).   A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery.  Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release.  See 18 U.S.C. § 3142(g).  A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community.  See 18 U.S.C. § 3142(e)(1).

2

A.     <u>**Nature and Circumstances of the Offenses Charged**</u>

The first factor for the Court's consideration, the nature and circumstances of the offense charged, weighs in favor of detention. On Thursday, October 28, 2021, at approximately 4:56 p.m., members of the Metropolitan Police Department (MPD), Gun Recovery Unit (GRU), were patrolling the 5th District, specifically in the Saratoga neighborhood due to a recent increase in violent crime and sounds of gunshots in the area. The day prior, a homicide and shooting occurred in this vicinity. Members of the GRU, along with an FBI Special Agent, made contact with a group of subjects who were standing in front of 1414 Saratoga Avenue, NE, Washington, D.C. While members of the GRU were speaking with the group, Officer Wilfredo Guzman approached the defendant who was standing by the fence on the sidewalk outside the location. Officer Guzman observed a bulge from the defendant's groin area and believed it to be a firearm. After asking the defendant what he had in his groin area and to hike his pants , Officer Guzman stated he was going to conduct a pat down, and the defendant fled. The defendant ran across the street and was quickly apprehended. Officers conducted a pat down in the area where Officer Guzman had seen the gun but could not feel anything. When the officers stood the defendant up, Officer Guzman conducted a further pat down of the defendant's left leg and located the firearm. The firearm had slid down the defendant's pant leg and was recovered from his pants near his ankle. The defendant's pants were tight, but the magazine was visible protruding out of the bottom of his pant leg, and the pants had to be cut to remove the firearm. Additionally, a clear plastic capsule containing a tan powder-like substance was recovered.[1]

---

[1] This is not charged conduct at this time, as the narcotics recovered appear to be fentanyl, and are being tested before the DEA before a charging decision is made.

The recovered firearm was determined to be a green and black .40 caliber Ammunition, Polymer 80 with Glock Slide, semi automatic handgun, with serial number HHF374. The firearm had one (1) round of .40 caliber ammunition in the chamber and eleven (11) rounds in a large capacity magazine. There are no ammunition manufacturers in the District of Columbia, therefore, the ammunition in this case would have traveled in interstate commerce. The firearm that was recovered in this case is commonly referred to as a "ghost gun." Further, the defendant was previously convicted in the United State District Court of the District of Columbia for Unlawful Possession of a Firearm and Ammunition, and two counts of Unlawful Possession of a Controlled Substance in case number 15-cr-144 (CRC), which was punishable by more than one year in prison and the defendant was aware of this fact at the time he possessed the loaded Polymer 80 firearm on October 28, 2021.

**B.    Weight of the Evidence against the Defendant**

The second factor for the Court's consideration, the weight of the evidence, also weighs in favor of detention. The evidence against the defendant is strong. The defendant immediately fled as Officer Guzman stated he was going to conduct a pat down of the defendant. Additionally, once apprehended, the firearm was not only still on his person, but had slid down his pant leg and was compressed so tightly against his body that officers had to cut the defendant's pant leg to remove the firearm off his person.

**C.    The Defendant's History and Characteristics**

The third factor, the history and characteristics of the defendant, also weigh in favor of his detention. The defendant's first felony conviction occurred in September, 2010 when he was convicted in D.C. Superior Court for Carrying a Pistol Without a License, Possession of an

4

Unregistered Firearm, Unlawful Possession of Ammunition, and Possession of Marijuana in case number 2010 CF2 003297. The defendant was seen sitting a car with a gun on his lap, while the car was turned on and he was asleep. The defendant awoke when officers tried to gain entry, and he fled. He was found later standing on the street and when the defendant saw police he again fled and threw the gun from his waist before being arrested. He was sentenced to 12 months' incarceration, 3 years of supervised release on the CPWL, and 90 days' incarceration, concurrent to the CPWL for the other charges.

Almost exactly a year later, in September of 2011, the defendant was sentenced on 2 counts of Attempted Distribution of PCP. In case number 2011 CF2 008561, the defendant was sentenced to 10 months' incarceration and 12 months' of supervised probation. In that case, the defendant was convicted for providing PCP cigarettes to a co-defendant who gave them to an undercover police officer. Defendant Payne was also stopped with a vial containing PCP.

Finally, in case 15-cr-144 (CRC), the defendant was convicted of Unlawful Possession of a Firearm and Ammunition in violation of 18 U.S.C. §922(g)(1), and two counts of Unlawful Possession of a Controlled Substance (1 count for cocaine, 1 count for cocaine base) in violation of 21 U.S.C. § 841. On October 25, 2015, the defendant was pulled over for an expired registration. When he was unable to provide the needed paperwork, he was stepped out of the vehicle and provided consent for police to search the vehicle. Within the car, a digital scale was found in the center console, and a Strum Ruger .40 caliber pistol loaded with one (1) .40 caliber cartridge in the chamber and seven (7) cartridges in the magazine. The serial number was obliterated. The defendant then fled from the rear of the car and tried to get into a car that had stopped at the intersection of Montana Avenue, NE and W Street, NE, but that vehicle drove away. The defendant

was arrested and recovered off him was 32.9 grams of cocaine and 13.8 grams of cocaine base, along with $783.00. The defendant was sentenced to 60 months' incarceration on each count, concurrent, and 36 months of supervised release. The defendant was on supervised release for this case when he was arrested in this case. The conduct between the case before the Court and the case the defendant is on supervised release for is extremely worrisome as both cases involve the possession of illegal firearms and narcotics.

The defendant has 2 prior firearms convictions, this being his third felony arrest for a firearm alone. Additionally, he has two drug prior convictions, one felony and one misdemeanor, but again was in possession of a narcotic in this case. Even with this history, the defendant, again, was on the streets of the District of Columbia with not just a firearm, but a "ghost gun" that cannot be tracked.   The defendant's history, as well as actions in this case clearly demonstrate he poses a danger to the community if released and should remain held.

      **D.**     **Danger to the Community**

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The defendant's criminal history, specifically being on supervised release for a District Court firearms case when arrested in this case, coupled with his possession of a "ghost gun" is gravely concerning. A firearm has the potential of causing meaningful bodily injury to innocent members of the community, to include death. In this case the defendant fled officers while possessing a firearm which could have led to an accidental shooting or worse in the process of apprehending him. To illustrate the danger of firearms in the District of Columbia, homicides in the District of Columbia went up by 32 in 2020

when compared to 2019.[2] Further, within the last year to date violent crime with a gun is up by 189 incidents within the District of Columbia.[3] Thus, the risk to others is plainly serious. Given all these factors, the government contends that there exists no condition or combination of conditions that would ensure the safety of the community and the defendant's return to Court. For these reasons, the government submits that the Court should order the defendant's detention during the pendency of this case to protect the community.

### III.   Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   /s/_____
Samuel Frey
Assistant United States Attorney
PA Bar No. 321856
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7124
Samuel.Frey2@usdoj.gov

---

[2] *See*
https://dcatlas.dcgis.dc.gov/crimecards/homicides:violent%20crimes/with%20any%20or%20no%20weapon/dated::0
1012020:01012021/citywide:heat
[3] *See*
https://dcatlas.dcgis.dc.gov/crimecards/all:violent%20crimes/with%20a%20gun/1:year%20to%20date/citywide:heat
(this statistic includes homicides, sex abuse, assault with a dangerous weapon, and robbery with a firearm and was
accessed November 8, 2021).